```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

JAMES MONTGOMERY                                            PLAINTIFF

VS.                         CIVIL ACTION NO. 5:05-cv-217(DCB)(JMR)

STATE OF MISSISSIPPI, CITY OF VICKSBURG,
LAURENCE E. LEYENS, IN HIS UNOFFICIAL
AND OFFICIAL CAPACITY AS MAYOR,
SIDNEY H. BEAUMAN, IN HIS UNOFFICIAL
AND OFFICIAL CAPACITY AS ALDERMAN                          DEFENDANTS

                              ORDER

     This cause is before the Court on defendant the State of Mississippi's motion to dismiss **(docket entry 18)**.  No response to the motion was filed by the plaintiff.  Having carefully considered the motion and the applicable law, the Court finds as follows:

     The State of Mississippi argues that it should be dismissed because the complaint only contains allegations against the plaintiff's employer, the City of Vicksburg.  Although he was granted additional time to respond, Montgomery has not responded to the motion, implying to the Court that he concedes the motion.

     The amended complaint does not purport to state a claim against the State of Mississippi.  Although named in the caption and introductory paragraph, the State of Mississippi is not named in the "Parties" section of the complaint, and is not referred to in any of the substantive allegations.

     Even if the plaintiff sought to file suit against the State of Mississippi, he would be prevented from doing so because the State

of Mississippi is not his employer for purposes of establishing an employer/employee relationship.  See Grant v. Lone Star Co., 21 F.3d 649, 652-53 (5th Cir. 1994).  Therefore, the State of Mississippi shall be dismissed.

The State also requests that upon dismissal from this action, the Court reserve to it leave to intervene for the limited purpose of defending the facial constitutionality of Miss. Code Ann. § 21-31-27.  Title 28 U.S.C. § 2403(b) provides:

> In any action, suit, or proceeding in a court of the United States to which a State or agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.  The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 3403(b).

Paragraph 15 of the amended complaint alleges that Miss. Code Ann. § 21-31-27 is unconstitutional in that it is vague and ambiguous, and paragraph 16 alleges that § 21-31-27 is unconstitutional as applied to the plaintiff in this case.  However, inasmuch as the plaintiff and the municipal defendants announced settlement of this case on July 31, 2007, there is no need to certify any question to the Attorney General of

Mississippi.  Accordingly,

IT IS HEREBY ORDERED that defendant the State of Mississippi's motion to dismiss **(docket entry 18)** is GRANTED;

FURTHER ORDERED that defendant the State of Mississippi is dismissed from this action with prejudice.

SO ORDERED, this the   2nd   day of August, 2007.


                                            s/David Bramlette
                                      UNITED STATES DISTRICT JUDGE